In their Opinion and Award, the majority finds that plaintiff is not entitled to ongoing temporary partial disability compensation. Plaintiff contracted reflex sympathetic dystrophy secondary to surgery for her compensable carpal tunnel syndrome. Subsequent to this surgery, plaintiff was able to work only sporadically and received temporary total disability compensation during periods she was unable to work and temporary partial disability compensation during periods plaintiff attempted to return to work. Beginning in May 1994, plaintiff attempted to work for defendant Host Marriot. Plaintiff's hand pain, however, caused her to work fewer and fewer hours until she was finally terminated by defendant Host Marriot on 4 January 1995. Defendant Mercy Health Services paid plaintiff temporary partial disability compensation from August 1994 through the date of the hearing, with no increase in compensation for periods when plaintiff's wages were further reduced or ceased.
In their Opinion and Award, the majority writes "[d]efendants have met their burden by showing that plaintiff was actually employable in her job with defendant Host Marriot, making the same or lesser wages than before her injury" (emphasis added). The majority cites Franklin v. Broyhill FurnitureIndustries, 123 N.C. App. 200, 472 S.E.2d 382 (1996) for this proposition. In the opinion of the undersigned, however, defendant Mercy Health Services cannot rebut the presumption that plaintiff is entitled to continue to receive temporary partial disability by showing that plaintiff was employed at reduced hours and wages for defendant Host Marriot, during which time plaintiff received temporary partial disability benefits. A rebuttal of plaintiff's presumption of temporary total disability does not also rebut a presumption of partial disability if, as in this case, plaintiff returned to work at lesser wages. Plaintiff continues to be entitled to a presumption of, and compensation for, ongoing temporary partial disability by defendant Mercy Health Services pursuant to N.C.G.S. § 97-30. Furthermore, plaintiff may be entitled to ongoing temporary total disability compensation pursuant to the return to work provisions of N.C.G.S. § 97-32.1 and Industrial Commission Rule 404A.
For the forgoing reasons, I must respectfully dissent in part from the opinion of the majority in this case. I concur with the majority's award of benefits for the RSD and payment of all related medical expenses.
 S/_____________ LAURA KRANIFELD MAVRETIC COMMISSIONER